UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-cv-00040-M |
| | § | |
| STATE FARM LLOYDS AND EVAN WILLIAMS | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Remand [Docket Entry #8], filed by Plaintiff Robert Martinez. For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**.

**I.    BACKGROUND**

This action concerns a dispute over the Defendants' handling of an insurance claim filed by Plaintiff for property damage. Plaintiff, a Texas citizen, filed an Original Petition in the 193rd Judicial District Court of Dallas County, Texas against Defendant State Farm Lloyds ("State Farm"), an Illinois corporation, and Defendant Evan Williams ("Williams"), a Texas citizen and individual adjuster employed by State Farm. Pl.'s Orig. Pet. [Docket Entry #1-6] Def.'s Notice of Removal, Ex. D at ¶¶ 9-12.

In his Original Petition, Plaintiff alleges that his property, allegedly covered by an insurance policy issued by State Farm, sustained damage in a wind and hail storm on April 3 or 4, 2015. *Id.* at ¶ 12. Plaintiff allegedly submitted a claim to State Farm, which assigned Williams to adjust the claim. *Id.* at ¶ 15. Plaintiff alleges Defendants wrongfully denied Plaintiff adequate coverage under his policy. *Id*. at ¶ 18.

1

Plaintiff filed suit in state court for common law fraud and conspiracy to commit fraud against both State Farm and Williams. *Id.* Plaintiff asserts the following causes of action against State Farm: (1) breach of contract based on failure to pay adequate compensation within the policy terms; (2) violations of Sections 541 and 542 of the Texas Insurance Code; (3) breach of the common law duty of good faith and fair dealing; and (4) fraud and conspiracy to commit fraud. *Id.* at ¶¶ 48, 51-64. Plaintiff further asserts claims for violations of Section 541 of the Texas Insurance Code, fraud, and conspiracy to commit fraud against Williams. *Id.* at 34-42.

State Farm removed the case to this Court, arguing that Williams was improperly joined because Plaintiff failed to state a claim against him and his Texas citizenship should therefore be disregarded for purposes of diversity jurisdiction. Def.'s Notice of Removal [Docket Entry #1] at ¶ 2. Plaintiff has moved to remand, arguing that Williams was properly joined as a Defendant, and thus, there is not complete diversity. [Docket Entry #8 at ¶ 1].

## II.     LEGAL STANDARD

*A. Removal Jurisdiction*

Title 28 U.S.C. § 1441(a) permits the removal of any civil action brought in a state court of which the district courts of the United States have original jurisdiction. This case was removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [Docket Entry #1 at ¶ 6]. For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought.

B. *Improper Joinder*

The purpose of an improper joinder inquiry is to determine whether or not the federal district court has jurisdiction over the removed case. 28 U.S.C. § 1441(b); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 2016 WL 1274030, at *10 (5th Cir. Mar. 31, 2016). There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). If a nondiverse defendant has been properly joined, then the federal court has no jurisdiction and must remand the removed case. 28 U.S.C. § 1447.  If, however, it is found that the nondiverse defendant has been improperly joined, then the remand must be denied and the claims against the nondiverse defendant dismissed without prejudice. *Int'l Energy*, 2016 WL 1274030, at *10. The defendant seeking removal must demonstrate that the district court has *no reasonable basis* to predict that the plaintiff might be able to recover against the nondiverse defendant. *Smallwood*, 385 F.3d at 573.

C. *The Applicable Pleading Standard*

In *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, the Fifth Circuit recently addressed whether state or federal pleadings standards apply to the issue of improper joinder, holding that a federal court must apply the federal pleading standard. 2016 WL 1274030, at *8. This requires the plaintiff's pleading to contain sufficient facts to state a claim to relief that is plausible on its face, providing more than a mere possibility of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Moreover, the pleading must provide

more than "labels and conclusions" and do more than merely restate the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   ANALYSIS

Here, Plaintiff's Original Petition alleges various causes of action against the nondiverse defendant, Williams, including claims under the Texas Insurance Code. [Docket Entry #1 at ¶ 1].

To be liable under the Texas Insurance Code, one must be "in the business of insurance." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 488 (Tex. 1998); Tex. Ins. Code Ann. § 541.002 (West 2015). The Texas Supreme Court has held that the business of insurance "includes the investigation and adjustment of claims and losses." *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1998). Because Texas law recognizes that an adjuster can potentially be liable for Texas Insurance Code violations, the sole issue before this Court is whether or not Plaintiff has stated a viable claim against Williams. If so, then Williams was properly joined, and this Court must grant Plaintiff's Motion to Remand for lack of diversity jurisdiction. *Int'l Energy*, 2016 WL 1274030, at *9. If the Court finds a reasonable basis to predict that Plaintiff can potentially recover on one of the causes of action asserted against Williams, then the Court must remand the entire case. *Smith-Manning v. State Farm Lloyds*, 2013 WL 5637539, at *2 (N.D. Tex. Oct. 14, 2013) (Lynn, J.) (quoting *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)).

A.   *Plaintiff sufficiently pled that Williams violated Tex. Ins. Code § 541.060(a)(2)*

In his Original Petition, Plaintiff advances a number of causes of action against Williams under Chapter 541 of the Texas Insurance Code. Pl.'s Orig. Pet. at ¶¶ 34-42. For example, Plaintiff alleges that Williams: (1) misrepresented to Plaintiff that the damage to his property was

not covered under his insurance policy; (2) failed to attempt to settle Plaintiff's claim within a reasonable time and in a fair manner; (3) underestimated and undervalued the cost of repairs for the damage, failing to allow for adequate funds to cover the cost of repairs to Plaintiff's property; (4) failed to affirm or deny coverage of Plaintiff's claim within a reasonable time and failed to provide Plaintiff with a timely indication in writing of acceptance or rejection of Plaintiff's claim; (5) failed to explain to Plaintiff the reasons for denying full payment and failed to communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the policy; (6) failed to perform a thorough investigation of Plaintiff's claim and instead performed an outcome-oriented investigation of Plaintiff's claim resulting in a "biased, unfair, and inequitable" evaluation of Plaintiff's losses; and (7) knowingly made false representations as to portions of the damages that were either ignored or improperly adjusted and/or knowingly concealed all or part of material information from Plaintiff. *Id.* at ¶¶ 15-26.

With respect to his allegations that Williams engaged in an unfair method of competition by an inadequate inspection and unfair adjustment, Plaintiff specifically alleges:

> . . . On or about April 11, 2014, Williams conducted a substandard inspection of Plaintiff's property, spending only about twenty (20) minutes inspecting Plaintiff's property, including the time it took to get on the roof and scope the damages. The inadequacy of Williams' inspection is further evidenced by his report, which failed to include all of Plaintiff's damages noted upon inspection. Moreover, Williams both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. For example, Defendant Williams improperly depreciated some of the damages when evaluating and estimating the cost to repair Plaintiff's property. In part, Williams applied depreciation in excess without any reasonable explanation for application of such significant depreciation or any annotations in his estimate regarding the age and/or condition of the damaged items. Ultimately, Williams failed to properly scope Plaintiff's damages and underestimated the cost of repairs to the damages, thereby failing to allow for adequate funds to cover the cost of repairs to Plaintiff's Property.

*Id.* at ¶ 15.

Several courts, including this one, have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under Tex. Ins. Code § 541.060(a)(2), because the adjuster has the ability to affect or bring about the settlement of a claim. *See Manziel v. Seneca Ins. Co., Inc.*, 2016 WL 3745686, at *3 (N.D. Tex. July 13, 2016) (Lynn, J.); *Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, 2015 WL 8516595, at *6 (W.D. Tex. Dec. 11, 2015); *Denley Group, LLC v. Safeco Ins. Co. of Ind.*, 2015 WL 5836226, at *3-4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Lopez-Welch v. State Farm Lloyds*, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.); In ruling on the subject motion, this Court only asks whether there is a reasonable basis to predict that Plaintiff might be able to recover against Williams. *Smallwood*, 385 F.3d at 573. Since there is a reasonable basis, this Court finds that Plaintiff's Original Petition is sufficient under the federal pleading standard to state a claim against Williams under Tex. Ins. Code § 541.060(a)(2)(A). *Iqbal*, 556 U.S. 662 at 678, 129 S. Ct. 1937.

Because Williams was not improperly joined, his citizenship destroys diversity jurisdiction and therefore requires the Court to remand the action. *See* 28 U.S.C. § 1447(c).

## IV.   CONCLUSION

Plaintiff's Motion is **GRANTED**, and this case is **REMANDED** to the **193rd Judicial District Court of Dallas County, Texas**.

**SO ORDERED.**

Dated: August 22, 2016.

_____
BARBARA M. G. LYNN
CHIEF JUDGE